IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ELAINA WOODS                                                              PLAINTIFF

               v.                              Civil No. 07-2065

GREGORY NAPIER; JOHNNY
BOLINGER; LOU DOE;
and DR. DOUGLAS CARLSON                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Elaina Woods, filed this civil rights action pursuant to 42 U.S.C. § 1983. She proceeds pro se and *in forma pauperis.*

The case is before the undersigned for a determination of whether service of process should issue. Because the undersigned felt additional information was needed, plaintiff was directed to complete, sign, and return a questionnaire that would be filed as an addendum to her complaint (Doc. 5). The addendum was filed on August 9, 2007 (Doc. 6).

### Background

On April 19, 2007, Woods was on her way to Fairview School to pickup her daughter. She was on foot and running late. *Complaint* at page 4; *Addendum* at ¶ 1. She was at the intersection of Greenwood and Rogers Avenue waiting for light to change so she could cross. *Addendum* at ¶ 2. She was becoming angry after hitting the button for the cross walk several times and the light still hadn't changed. *Id.*

Woods indicates there was an older man with a badge who walked towards her and told

her the cross walk button on the old poles no longer worked. *Addendum* at ¶ 2. Woods jumped over to the new pole and hit that cross walk button but still nothing was happening. *Id.* She kept asking the older man for "permission to go!" Finally, when the path was clear, Woods states the older man lowered his head in "acknowledgment of yes" and she took off running. *Id.*

When Woods reached the other side and got about ten feet, she heard Officer Bolinger yell "hey stop." *Addendum* at ¶ 2. Woods states she did stop, turned around, and asked what? *Id.* She then said she had to go and that the older man had given her permission to go. *Id.* She then turned around and started running again. *Id.* Within seconds, she indicates she was grabbed, her arm shoved up behind her back, and a cuff put on. *Id.* Woods jerked her hand out of the cuff and tried to get away screaming that she had to go. *Id.* Officer Napier then came up and grabbed her too and she was slammed to the ground. *Id.* Woods asserts Bolinger's whole body was on top of her back and his leg was shoved up between her legs. *Id.*

As a result of the use of force, Woods contends she had quite a few bruises on her body. *Addendum* at ¶ 5. In fact, she indicates the bruises are one of the reasons she was held so long before being booked. *Id.* She maintains they were waiting for her bruises to go away. *Id.* Woods indicates she was arrested on April 19th at 3:45 p.m. and not booked until April 20th at 3:29 p.m. *Id.* Woods also contends her elbow was injured the second time it was put behind her back. *Id.*

Woods was taken to Sparks Regional Medical Center. *Addendum* at ¶ 4. The admitting doctor at the emergency room is listed as Douglas E. Carlson. *Id.*

Woods maintains she wanted a blood test to establish she was clean and not on drugs. *Addendum* at ¶ 4. However, they gave her an injection to calm her down. *Id.* Woods stated that

she was refusing any shots and they climbed on top of her any pinned her down to give her the shot. *Id.*

While she was being held down, Woods contends Lou, a police officer touched her on her private parts. *Addendum* at ¶ 4 & ¶ 10. Woods indicates she immediately turned her head and bite his finger. *Id.* at ¶ 10. Woods asserts she screamed that he had crossed the line and touched her. *Id.*

Dr. Carlson ordered the injection. *Addendum* at ¶ 7. Woods also maintains Dr. Carlson slandered her. *Id.* The alleged statement attributed to Dr. Carlson is contained in Bolinger's narrative report. *Id.* In it Bolinger states: "Dr. Carlson said in his opinion, Ms. Woods was clinically 'fine,' but that he believe[d] she was under the influence of methamphetamine or some other stimulant." *Id.*

After she was released from Sparks, Woods was taken to the Sebastian County Detention Center. *Addendum* at ¶ 8. After she showered, she indicates unknown jailers shoved her into a room and pepper sprayed her. *Id.* at ¶ 8 & ¶ 9.

Woods was issued citations for fleeing apprehension, refusal to submit to arrest, public intoxication, disorderly conduct, and criminal mischief. *Addendum* at ¶ 5.

## Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Dunham*

*v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

A private physician who treats an individual at the emergency room of a local hospital does not act under color of state law. *See e.g., Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1996)(private doctors did not act under color of state law);*Sykes v. McPhillips*, 412 F. Supp. 2d 197 (N.D.N.Y. 2006)(no state action where private physician was not under contract and treated prisoner in hospital outside of prison).

### Conclusion

I therefore recommend that the claims against Dr. Douglas Carlson be dismissed on the grounds the claims asserted are frivolous and fail to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time). I will direct service of the complaint against the remaining defendants by separate order.

**Woods has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Woods is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of September 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)