IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ELAINA WOODS                                                                    PLAINTIFF

v.                          Civil No. 07-2065

MIKE CONGER                                                 DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff, Elaina Woods, filed this civil rights action pursuant to 42 U.S.C. § 1983. She proceeds *pro se* and *in forma pauperis*.

### Discussion

On April 19, 2007, Woods was arrested by members of the Fort Smith Police Department. Following her arrest, she was initially refused admission to the Sebastian County Adult Detention Center (SCADC) because of her behavior. Woods was taken to the hospital where she was given an injection of Ativan. Woods was then taken back to the SCADC where she maintains that unidentified officers utilized pepper spray against her.

In an effort to assist the Woods in identifying the officers who utilized pepper spray against her, the undersigned added Mike Conger, the jail administrator, as a defendant, and directed him to identify the officer or officers involved in utilizing pepper spray against Woods (Doc. 9). Conger responded to the complaint (Doc. 14) stating that he was unable to identify any officers who used pepper spray against Woods on April 19, 2007. He stated no incident reports regarding the use of pepper spray against Woods existed. Further, he noted that the booking

officer, Amanda Sowa, who was responsible for booking Woods (including supervision of the shower) had no recollection of any incident involving Woods and pepper spray during the entire book-in process.

Conger moved for summary judgment (Doc. 24). His motion was denied (Doc. 35).

On October 10, 2008, Conger was directed (Doc. 36) to identify for the court the following individuals: (1) the officer or officers who assisted with Woods' shower on April 19, 2007; (2) the officers who at approximately 7:20 p.m., escorted Woods from the shower to a cell; and (3) the two inmates who were cell-mates with Woods on April 19th and/or April 20, 2007. Conger responded by filing the affidavit of Lt. Gayla Jackson (Doc. 42), the assistant jail administrator, during Woods' incarceration.

Jackson identified each officer working on April 19, 2007, during the 7:00 p.m. to 7:00 a.m. shift. Jackson indicated there are no records of Woods being pepper sprayed and none of the officers working that shift have any recollection of Woods being pepper sprayed.

According to Jackson, Amanda Sowa was the intake officer who booked Woods in. Jackson states the policy with respect to showering is that an inmate who is soiled upon booking is given an opportunity to take a shower. Jackson notes the documentation indicates Woods had urinated on herself prior to be being booked in.

If Woods showered, Sowa would have supervised the shower. However, Jackson states neither Sowa or any officer working that night has any recollection of Woods showering.

According to Jackson, Woods did not file any grievances or requests while she was incarcerated and did not report any physical injury. Woods remained incarcerated until April 22,

**AO72A**
**(Rev. 8/82)**

2007. Jackson indicates she searched the jail records but has been unable to determine which inmates were in the holding cell with Woods. Jackson further indicates there is no video available for the time period in question.

Woods does not contend Conger was personally involved in violating her constitutional rights. *See e.g., Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)(§ 1983 liability requires personal involvement in or direct responsibility for actions resulting in violation). Conger has provided the court with all information that has been requested of him. Woods has also engaged in discovery herself. She has been unable to identify the officers. Additionally, she has been unable, based on her own knowledge and through discovery, to identify the cell-mates she remained housed with until her release from jail on April 22, 2007.

The John Doe police officers have not been identified through Woods' discovery efforts or through the efforts of the court. As noted above, the court has twice ordered Conger to provide information. Conger has complied with both orders.

## Conclusion

For the reasons stated, I therefore recommend that the complaint as against Mike Conger be dismissed.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      DATED this 17th day of November 2008.

                                  /s/ *J. Marschewski*
                                HON. JAMES R. MARSCHEWSKI
                                UNITED STATES MAGISTRATE JUDGE