```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

**ELAINA WOODS**                                            **PLAINTIFF**

          v.            Civil No. 07-2065

**GREGORY NAPIER; JOHNNY BOLINGER;**
**LOU DOE; and MIKE CONGER**                                **DEFENDANTS**

### O R D E R

    Now on this 5th day of March, 2009, come on for consideration the **Report And Recommendation Of The Magistrate Judge** ("R&R") (document #43) and plaintiff's **Objections** thereto, (documents #46 and #47), and from said documents the Court finds and orders as follows:

    1. Plaintiff Elaina Woods ("Woods") brought suit pursuant to **42 U.S.C. §1983,** alleging that she was subjected to excessive force during an arrest by Fort Smith Police while running to pick up her daughter from school. Following her arrest, she alleges she was subjected to an illegal injection, sexually touched while receiving the injection, slandered, falsely charged with criminal mischief, unlawfully detained, denied bail, and -- while incarcerated in the Sebastian County Adult Detention Center ("SCADC") -- pepper sprayed.

    2. The Court dismissed all of Woods' claims except the claim that she was pepper sprayed. As to that claim, SCADC Jail Administrator Mike Conger ("Conger") was made a party for the limited purpose of identifying any officers involved in using

pepper spray on Woods, whereupon those officers would be substituted in his place.

    3.    Conger answered, stating that he was unable to identify any officers who had used pepper spray on Woods; that there were no reports of such; and that Amanda Sowa ("Sowa"), who had been responsible for booking Woods and supervision of her shower, had no recollection of any such incident. The Magistrate Judge, therefore, recommended dismissal of Woods' pepper spray claim.

    4.    The Court did not adopt this recommendation, observing that Woods was booked in to SCADC under the influence of a sedative, allowed to shower, and then taken to a cell, where she alleges she was pepper sprayed by persons she cannot identify. The Court further observed that Sowa signed an Intake Form showing the Intake Time as 7:43 p.m. on April 19, 2007, but a mug shot of Woods was not taken until 9:40 a.m. on April 20, and Woods' Prisoner Booking Record was not completed until 3:29 p.m. on April 20. The Court found this timeline -- booking delayed for almost a full day after arrest -- raised a genuine issue of material fact about the allegation of pepper spraying and remanded the case to the Magistrate Judge to determine if an identity could be established for:

    *    the person or persons who assisted with Woods' shower on April 19, 2007;

    *    the person or persons who escorted Woods to a cell on

that date; and

* Woods' cellmates with whom she allegedly discussed the pepper spraying and the condition of her eyes during the remainder of her incarceration.

5. Conger responded by filing the Affidavit of Lt. Gayla Jackson, SCADC Assistant Jail Administrator during Woods' incarceration. Jackson listed deputies working during the relevant time, and stated that none of them has any recollection of a pepper spraying incident involving Woods.

6. Plaintiff objects that Jackson did not list all the deputies at work during the time she was allegedly pepper sprayed, and states that she has narrowed down the prospects, by a process of elimination, to the point that she "believe[s] main persons of interest besides Sowa is Dep. R. Covey/Dep. Walker, either being directly involved in pepper spraying or has knowledge of it." Plaintiff does not say why she believes these particular officers were involved, but it may be because Deputy Covey was working in the cell pod to which Woods was ultimately assigned and where she alleges she talked to cellmates about being pepper sprayed, and because Deputy Walker is female.

7. While the basis for suit against Sowa, Covey, and Walker is admittedly thin, given Woods' drugged condition; the lack of records of things that should be recorded; and the lack of explanation for the delay in booking, the Court believes it fair

to allow Woods to substitute these officers for Conger, and to direct the Magistrate Judge to conduct an evidentiary hearing at which Woods can question these officers personally about the alleged pepper spraying incident.

8. Woods suggests that she should be allowed to expand her claim to include a claim of criminal conspiracy against a long list of SCADC employees.  There is nothing to support this other than the fact that none of these employees has any recollection of any pepper spray incident involving Woods, and this is not sufficient.  No recovery could be predicated on such a flimsy evidentiary basis.  This motion will be denied.

9. Woods incorporates in her Objections boilerplate motions for a polygraph examination (though she does not say of whom); for disclosure of exculpatory evidence; for disclosure of electronic surveillance; for a bill of particulars; and for an extension of time to file pre-trial motions.  These motions are apropos of criminal proceedings, and the Court finds no basis to grant them here.

10. Finally, Woods suggests that Conger himself should be held liable, citing **Martin v. Sargent**, **780 F.2d 1334, 1338 (8th Cir. 1985)** because "every staff member up the chain of command is under Mike Conger, therefore he is responsible for their actions."  This is clearly not the holding of **Martin**, which holds to the contrary:  claims predicated on a *respondeat superior* theory do

not apply in **§1983** suits for damages.  Woods' claims against Conger will, therefore, be dismissed.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** (document #43) is **not adopted.**

**IT IS FURTHER ORDERED** that SCADC employees Amanda Sowa, Deputy R. Covey, and Deputy Walker be substituted for defendant Mike Conger.

**IT IS FURTHER ORDERED** that plaintiff's claims against Conger are **dismissed.**

**IT IS FURTHER ORDERED** that Woods' motions to assert a claim of civil conspiracy; for polygraph examination; for disclosure of exculpatory evidence; for disclosure of electronic surveillance; for a bill of particulars; and for an extension of time to file pre-trial motions are **denied.**

**IT IS FURTHER ORDERED** that this matter is **remanded** to the Magistrate Judge for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

                                            /s/ Jimm Larry Hendren
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT JUDGE**