IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ELAINA WOODS                                          PLAINTIFF

            v.             Civil No. 07-2065

AMANDA SOWA; DEPUTY R. COVEY;
and DEPUTY WALKER                                    DEFENDANTS


O R D E R

Now on this 4th day of December, 2009, come on for consideration the **Report And Recommendation Of The Magistrate Judge** ("R&R") (document #80) and plaintiff's **Objections** thereto, (document #81), and from said documents the Court finds and orders as follows:

1.   Plaintiff Elaina Woods ("Woods") brought suit pursuant to **42 U.S.C. §1983**, alleging that she was subjected to excessive force during an arrest by Fort Smith Police while running to pick up her daughter from school.  She also alleged that following her arrest, she was subjected to an illegal injection, sexually touched while receiving the injection, slandered, falsely charged with criminal mischief, unlawfully detained, denied bail, and -- while incarcerated in the Sebastian County Adult Detention Center ("SCADC") -- pepper sprayed.

2.   The Court dismissed all of Woods' claims except the claim that she was pepper sprayed.  As to that claim, SCADC Jail Administrator Mike Conger ("Conger") was made a party for the limited purpose of identifying any officers involved in using

pepper spray on Woods, whereupon those officers would be substituted in his place.

3.   Conger answered, stating that he was unable to identify any officers who had used pepper spray on Woods; that there were no reports of such; and that Amanda Sowa ("Sowa"), who had been responsible for booking Woods and supervising her shower, had no recollection of any such incident.   The Magistrate Judge recommended dismissal of Woods' pepper spray claim.

4.   The Court did not adopt this recommendation, observing that Woods was booked in to SCADC under the influence of a sedative, allowed to shower, and then taken to a cell, where she alleges she was pepper sprayed by persons she cannot identify. The Court further observed that Sowa signed an Intake Form showing the Intake Time as 7:43 p.m. on April 19, 2007, but a mug shot of Woods was not taken until 9:40 a.m. on April 20, and Woods' Prisoner Booking Record was not completed until 3:29 p.m. on April 20.   The Court found this timeline -- booking delayed for almost a full day after arrest -- raised a genuine issue of material fact about the allegation of pepper spraying and remanded the case to the Magistrate Judge to determine if an identity could be established for:

   *   the person or persons who assisted with Woods' shower on April 19, 2007;

   *   the person or persons who escorted Woods to a cell on

that date; and

     \*    Woods' cellmates with whom she allegedly discussed the pepper spraying and the condition of her eyes during the remainder of her incarceration.

    5.    Conger responded by filing the Affidavit of Lt. Gayla Jackson, SCADC Assistant Jail Administrator during Woods' incarceration.  Jackson listed deputies working during the relevant time, and stated that none of them has any recollection of a pepper spraying incident involving Woods.

    6.    Woods objected that Jackson did not list all the deputies at work during the time she was allegedly pepper sprayed, and stated that she had narrowed down the prospects, by a process of elimination, to the point that she "believe[s] main persons of interest besides Sowa is Dep. R. Covey/Dep. Walker, either being directly involved in pepper spraying or has knowledge of it."  The Court allowed Woods to substitute these officers for Conger, and to directed the Magistrate Judge to conduct an evidentiary hearing at which Woods could question these officers personally about the alleged pepper spraying incident.

    8.    Woods' Complaint was amended as stated, and the Magistrate Judge conducted an evidentiary hearing on July 28, 2009.  Now before the Court is his R&R, and Woods' Objections thereto.

    9.    The R&R summarized the testimony of the following

witnesses:  Elaina Woods; her husband Joseph Woods; the Woods'
minor daughter;  Melinda Jan Stephens (one of Woods' cellmates);
Cynia Waller (her other cellmate); Gregory Napier (a Fort Smith
police officer); Johnny Bolinger (a Fort Smith police officer);
Amanda Sowa McCoy (a Sebastian County deputy); Boyd Williamson (a
family friend); Gayla Jackson (a Sebastian County deputy); Mike
Conger (Sebastian County jail administrator); Irma Wade (a
Sebastian County deputy); Deputy R. Covey (a Sebastian County
deputy); John Dutton (a former Sebastian County deputy); Laura
Bair (a Sebastian County deputy); Paul Gadeke (a former Sebastian
County deputy); Janie Lasiter (an employee in the Sebastian County
Sheriff's Office); and Nancy Walker (a Sebastian County deputy).

None of these witnesses was able to identify any person
involved in the alleged pepper spraying incident.  No witness
except Woods testified that the incident occurred, and she could
not say who was involved.  Woods' husband, daughter and friend
testified that she told them about being pepper sprayed, and that
her eyes were red, but they did not witness the alleged incident,
and the friend testified that the redness of Woods' eyes could
also be consistent with crying.  The other witnesses all testified
that they knew nothing about a pepper spraying incident involving
Woods.

The Magistrate Judge reported that Woods failed to prove by
a preponderance of the evidence that any defendant used excessive

-4-

force against her, or was aware of any use of excessive force against her.  Because liability under **42 U.S.C. § 1983** requires "a causal link to, and direct responsibility for, the deprivation of rights," <u>**Madewell v. Roberts**</u>, **909 F.2d 1203, 1208 (8th Cir. 1990)**, the Magistrate Judge recommended that Woods' claims be dismissed with prejudice.

10.  Woods objects that Melinda Stephens, Amanda Sowa, Gayla Jackson, Mike Conger, Paul Gadeke lied; that problems with the date mechanism on the camera used to make booking photographs is "another lie and coverup"; and that the evidence that the deputies failed to follow their own policies and procedures should count for something.  She also points out that the only "concrete proof" of her claim would be videotapes of the area at the time in question, but that defendants say there is no tape.

While the Court understands Woods' frustration over the lack of a videotape and her concern with the apparent lack of adherence to policies and procedures, these things cannot be parlayed into proof that a specific individual participated in pepper spraying her.  Nor would such be proven even if the Court found that one or more witnesses had lied as Woods contends, because there still would be no evidence that a specific individual was involved.

Because Woods has not produced evidence that any particular person pepper sprayed her, her case will be dismissed.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of**

**The Magistrate Judge** (document #80) is **adopted in toto.**

    **IT IS FURTHER ORDERED** that plaintiff's **Objections** thereto (document #81) are **overruled.**

    **IT IS FURTHER ORDERED** that this matter is **dismissed with prejudice.**

    **IT IS SO ORDERED.**

                              **/s/ Jimm Larry Hendren**
                              **JIMM LARRY HENDREN**
                              **UNITED STATES DISTRICT JUDGE**